JOHN L. BURRIS ESQ., SBN 69888
ADANTE D. POINTER, ESQ. 236229
MELISSA C. NOLD, ESQ. SBN 301378
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com
Melissa.Nold@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN NURIDDIN, Successor-in-Interest to Decedent HANEEFAH NURIDDIN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This case arises out of the wrongful death of Haneefah Nurridin, who died under bizarre and horrific circumstances. On the evening of April 30, 2015, Ms. Nurridin was under the care, custody and control of San Francisco General Hospital Psychiatric Emergency Services, after being placed under an involuntary "5150" mental health hold, due to her inability to care for herself. On

April 30, 2015, San Francisco General Hospital Staff **lost** Ms. Nurridin, while she was under their care, control and custody. As a result of the deliberate and/or reckless and egregious actions of San Francisco General Staff, Ms. Nuriddin was lost and/or improperly discharged from SFGH and later discovered the following morning, in a construction site, with horrific injuries, including a dismembered arm and severe impact injuries to her face and skull. Ms. Nurridin leaves behind a grieving father and family, who are haunted by the knowledge of her horrific and untimely death.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. Section 1367.

## PARTIES

1. Plaintiff BENJAMIN NURIDDIN (hereinafter "Plaintiff"), is the father of Decedent HANEEFAH NURIDDIN and is a resident of the State of California. He is acting in his individual capacity and as Successor-in-Interest to Decedent HANEEFAH NURIDDIN. HANEEFAH NURIDDIN had no living children and was pre-deceased by her mother Hasien Leblanc Radando.

2. CITY AND COUNTY OF SAN FRANCISCO ("Defendant CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the CITY operates the San Francisco General Hospital.

3. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

4. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiff filed a state claim within the six-month statute of limitations.

**FACTUAL ALLEGATIONS**

5. On May 1, 2015, at 7:13 p.m., Haneffah Nuriddin was reported missing by the San Francisco General Hospital psychiatric emergency services, located at 1001 Potrero Avenue, in San Francisco, Calfornia. Prior to being reported missing, Ms. Nuriddin was under the care, custody and control of San Francisco General Hospital's Psychiatric Services, after being subjected to an involuntary "5150" psychiatric hold, due to her disabling mental illness and inability to care for herself. Ms. Nuriddin had a long history of mental illness and had been treated at San Francisco General Hospital on numerous prior occasions for her mental illness.

6. Under yet to be disclosed circumstances, San Francisco General Hospital staff lost Ms. Nuriddin, while she was under their care, custody and control. Hospital staff told Ms. Nuriddin's father, Benjamin Nuriddin, that Ms. Nuriddin was 'lost' while being transported from the psychiatric facility to another appointment within the hospital. On April 30, 2015, at 7:13 p.m., San Francisco General Staff reported Ms. Nuriddin missing to the San Francisco Police Department.

7. The following morning, at 7:38 a.m., approximately 12 hours after being reported missing, Ms. Nuriddin's lifeless body was located inside of a construction site, located at 1450 Franklin Street, in San Francisco, California. When Ms. Nuriddin's body was found, she had suffered horrific traumatic injuries to her face and the dismemberment of one of her limbs. Her cause of death is unknown and she may have been a victim of foul play.

8. It is unclear whether Ms. Nuriddin was subsequently located by San Francisco General Hospital staff and untimely discharged, while gravely disabled and clearly unable to care for herself or if she was never located and wandered off to her unspeakable death while under the care, custody and control of San Francisco General Hospital.

9. At the time her body was discovered, Ms. Nuriddin was still listed as a missing person, according to the San Francisco Police Department.

10. Ms. Nuriddin leaves behind a grieving father and family, who are haunted by their loved one's gruesome and untimely demise, which undoubtedly caused Ms. Nuriddin to suffer unimaginable pain and suffering.

## DAMAGES

11. Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the negligence and deliberate indifference of defendants, and each of them, as a result of Ms. Nuriddin's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiff is entitled to recover for the reasonable value of funeral and burial expenses.

12. Defendants acted recklessly or with callous indifference to HANEEFAH NURIDDIN's documented and overt inability to care for herself and to Plaintiff's constitutional rights. Plaintiff, as decedent's Successor-in-Interest, is therefore entitled to an award of punitive damages against all defendants except CITY AND COUNTY OF SAN FRANCISCO.

13. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights, and the rights of decedent, under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (PLAINTIFF AGAINST DOES 1-50)

14. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 of this Complaint.

15. By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendments to the United States Constitution:

   a. The right to be free from deliberate indifference to Decedent's serious medical/mental health needs while in custody as secured by the Fourteenth Amendment; and

COMPLAINT FOR DAMAGES - 4

    b.    The right to be free from wrongful government interference with familial relationships and Plaintiff's right to companionship, society, and support of each other, as secured by the First, Fourth, and Fourteenth Amendments, and as secured by California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.

16. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein with reckless disregard for whether the rights and safety of Plaintiff (individually and on behalf of HANEEFAH NURIDDIN) and others would be violated by their acts and/or omissions.

17. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth herein.

18. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California Code of Civil Procedure §§ 377.20 et seq., and other state and federal law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (*Monell* - 42 U.S.C. § 1983)
### (PLAINTIFFS AGAINST DEFENDANTS CITY, AND DOES 26-50)

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint.

20. The unconstitutional actions and/or omissions of Defendants DOES 26-50, as well as other officers employed by or acting on behalf of the Defendants CITY, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the CITY, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the CITY and its San Francisco General Hospital:

    a.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling, supervision and evaluation of mentally ill patients;

    b.    To deny patients at the CITY's San Francisco General Hospital Psychiatric Emergency Services access to appropriate, competent, and necessary care for serious mental health needs;

    c.       To fail to institute proper safety procedures for securing and/or supervise patients;

    d.       To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons with serious mental illness at the CITY's San Francisco General Hospital Psychiatric Emergency Services;

    e.       To cover up violations of constitutional rights by failing to properly investigate and/or evaluate complaints or incidents of the handling, evaluation and security of persons with serious medical/mental health conditions;

21. Defendant CITY, and DOES 26-50 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOES 1-25, and other CITY personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

22. The unconstitutional actions and/or omissions of Defendant DOES 1-25 and other CITY personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the CITY. Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to the authorized policymakers within the CITY, and that such policymakers have direct knowledge of the fact that the death of HANEEFAH NURIDDIN was not justified, but rather represented an unconstitutional display of deliberate indifference to serious mental health needs. Notwithstanding this knowledge, the authorized policymakers within the CITY have approved of DOES 1-25's conduct and decisions in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of HANEFFAH NURIDDIN. By so doing, the authorized policymakers within the CITY have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants.

23. The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendant DOES 1-25 were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983.

24. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of

rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

25. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants CITY, and DOES 1-25 as described above, Plaintiff sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorneys fees as set forth above in this Complaint, and punitive damages against Defendant DOES 1-25 in their individual capacities.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Negligence)**
**(PLAINTIFF against ALL DEFENDANTS)**

26. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 25 of this complaint.

27. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person.

28. At all times, each Defendant owed Decedent and Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

29. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

30. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

    a. To provide, or cause to be provided, prompt and appropriate mental health care for Decedent;

    b. To provide adequate supervision to Decedent while she was under their care, custody and control;

    c. To provide adequate evaluation prior to discharging Decedent;

   d. To refrain from unreasonably creating danger or increasing Decedent's risk of harm;

   e. To refrain from abusing their authority granted them by law;

   f. To refrain from violating Plaintiffs' rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

38. Additionally, these general duties of reasonable care and due care owed to Decedent and Plaintiff by Defendants CITY and DOES 1-50 include but are not limited to the following specific obligations:

   a. To properly and reasonably hire, supervise, train, retain, investigate, monitor, evaluate, and discipline each person (i) who was responsible for providing mental health care for Decedent, (ii) who was responsible for the safe and appropriate supervision of Decedent and failed to properly supervise Decedent, and/or (iii) who denied Decedent mental health treatment and/or erroneously discharged Decedent;

   b. To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees and/or agents to ensure that those employees/agents act at all times in the public interest and in conformance with the law;

   c. To institute and enforce proper procedures and training for supervising and evaluating mentally ill patients, to coordinate patient assessment and care;

   d. To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs';

   e. To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

39. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff, by failing to supervise Decedent's whereabouts and treat her grave mental health condition.  The condition was clearly left untreated wherein on April 30, 2015, Decedent was lost, while under the care, custody and control of San Francisco General Hospital staff. It is unclear whether Decedent was subsequently located and improperly discharged; while gravely

unable to care for herself, since Decedent was still listed as a missing person, when her dismembered body was found the following morning.

40. As a direct and proximate result of Defendants' negligence, Decedent and therefore Plaintiff sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth in this Complaint, and punitive damages against all Defendants except CITY AND COUNTY OF SAN FRANCISCO.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Violation of California Government Code § 845.6)
### (PLAINTIFF AGAINST CITY and DEFENDANTS DOES 1-50)

41. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 40 of this complaint.

42. Defendant DOES 1-50 knew or had reason to know that Decedent was in need of immediate and acute and closely mental health care, treatment, observation, monitoring, and supervision, once Decedent came into Defendants' custody an control on an involntary "5150" hold, due to her inability to care for herself.  On April 30, 2016, Decedent was lost, while under the care, custody and control of Defendants, further demonstrating her unability to care for herself. Thereafter, it is unclear whether Decedent was erroneously discharged in her gravely disabled condition or if she was never located at all, whereupon she was found dead the following morning. Defendants, and each of them, failed to take reasonable action to supervise and/or to provide Decedent proper mental health care, treatment and supervision. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant CITY, knowing and/or having reason to know this, failed to take reasonable action to supervise and/or provide Decedent access to such care mental health care and treatment in violation of California Government Code § 845.6.

43. As legal cause of the aforementioned acts of all Defendants, Plaintiff was injured as set forth above, and their losses entitle them to all damages allowable under California law. Plaintiff sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorney fees under California law.

# JURY DEMAND

44. Plaintiffs hereby demands a jury trial in this action.

# PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages according to proof;

2. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendant DOES 1 through 50 and/or each of them;

3. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

4. For cost of suit herein incurred;

5. Declaratory and injunctive relief, including but not limited to the following:

   i.  An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for handling persons with serious medical needs.

   ii. An order prohibiting Defendants and their sheriff's from engaging in the "code of silence as may be supported by the evidence in this case.

   iii. An order requiring Defendants to train all medical professionals concerning generally accepted and proper tactics and procedures for the care and treatment of persons with serious medical needs; and

6. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated: July 5, 2016        /s/ John L. Burris
                           John L. Burris, Esq.,
                           Attorney for Plaintiff

Dated: July 5, 2016        /s/ Adante D. Pointer
                           Adante D. Pointer Esq.,
                           Attorney for Plaintiff

Dated: July 5, 2016        /s/ Melissa Nold
                           Melissa Nold, Esq.
                           Attorney for Plaintiff